# IN THE UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF ILLINOIS
# SPRINGFIELD DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Criminal No. 14-30024-2 |
| ) | |
| BELINDA YOUNG, ) | |
| ) | |
| Defendant. ) | |

## OPINION

**SUE E. MYERSCOUGH, U.S. District Judge:**

Before the Court is Defendant Belinda Young's motion for a reduction of her sentence (d/e 99). Defendant's motion is DENIED. Defendant is precluded from seeking a reduction of her sentence based on the amended commentary to § 3B1.2 of the United States Sentencing Guidelines because she waived her right to appeal her sentence in her Plea Agreement with the Government, except on the grounds of the involuntariness of the agreement and ineffective assistance of counsel. In addition, the Court must deny Defendant's request for a sentence reduction because Defendant was properly classified as a career offender under the United States Sentencing Guidelines. Accordingly, she is not eligible for a

reduction of her offense level pursuant to § 3B1.2 of the sentencing guidelines. Further, Defendant's motion is moot because Defendant's sentence of 120 months in prison was the applicable statutory minimum term of imprisonment for Defendant's offense.

## I. BACKGROUND

In June 2014, Defendant was charged by indictment with one count of conspiring to distribute 5 or more kilograms of a substance containing cocaine, two counts of possessing a substance containing cocaine with the intent to distribute, one count of maintaining a hotel room for the purpose of distributing cocaine and crack cocaine, two counts of distributing a substance containing crack cocaine, and one count of possessing a substance containing crack cocaine with the intent to distribute, in violation of 21 U.S.C. §§ 841, 846, and 856. Indictment (d/e 1). On March 26, 2015, Defendant pleaded guilty to conspiring to distribute 5 or more kilograms of a substance containing cocaine. Plea Agreement (d/e 55).

Prior to sentencing, Defendant was classified as a career offender under § 4B1.1 of the United States Sentencing Guidelines because she had two prior convictions for controlled substance

offenses.  Revised Presentence Investigation Report (PSR) (d/e 89), ¶ 36.  Defendant's total offense level, based in part on her status as a career offender, was 34, and her imprisonment guideline range was 262 to 327 months.  PSR, ¶¶ 36, 39, 153.  The statutory minimum term of imprisonment was 10 years, and the statutory maximum term of imprisonment was life.  21 U.S.C. § 841(b)(1)(A); 21 U.S.C. § 846 (stating that a defendant guilty of conspiring to commit an offense is subject to the penalties prescribed for the offense); see also PSR, ¶ 152.  Defendant's offense level was not reduced pursuant to § 3B1.2 of the sentencing guidelines based on Defendant having been a "minor" or "minimal" participant in any criminal activity.

On October 9, 2015, Defendant was sentenced to 120 months in prison, the statutory minimum, to be followed by 8 years of supervised release.  Judgment in a Criminal Case (d/e 93).  The seven counts to which Defendant did not plead guilty were dismissed on a motion made by the Government.  Id.  Defendant did not challenge her status as a career offender at sentencing.  Although Defendant did subsequently challenge her career offender status in a petition to set aside her sentence under 28 U.S.C. §

2255, this Court held that Defendant's classification as a career offender was proper and denied the § 2255 petition. See Young v. United States, 2016 WL 4472937, *1 (C.D. Ill. Aug. 24, 2016). In Defendant's §2255 petition, she argued that she was entitled to a sentence reduction based on the amended commentary to § 3B1.2 of the United States Sentencing Guidelines. See id. at *2. This Court noted that Defendant's proper avenue for this argument was through a motion under 18 U.S.C. § 3582(c)(2) and directed the Clerk of the Court to refile the § 2255 petition in Defendant's criminal case as a motion for a sentence reduction. Id.

Defendant's motion for a sentence reduction based on the amended commentary to § 3B1.2 of the United States Sentencing Guidelines was filed on August 24, 2016. The Government's response to the motion was filed on September 2, 2016.

## II. ANALYSIS

Generally, this Court "may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c). However, this Court may reduce a defendant's term of imprisonment if the defendant "has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the

Sentencing Commission pursuant to 28 U.S.C. 994(o)." 18 U.S.C. § 3582(c)(2). Defendant was sentenced on October 9, 2015. On November 1, 2015, the United States Sentencing Commission amended the commentary to § 3B1.2 of the sentencing guidelines. United States v. Quintero-Leyva, 823 F.3d 519, 521 (9th Cir. 2016). The amended commentary includes several factors that a district court must consider in determining whether to reduce a defendant's offense level based on the defendant's limited participation in criminal activity. See U.S.S.G. § 3B1.2, cmt. 3(C). The amended commentary has been held to apply retroactively in direct appeals. Quintero-Leyva, 823 F.3d at 524. However, regardless of whether Defendant qualifies for a reduction under § 3B1.2 of the sentencing guidelines – a point she failed to raise at sentencing – the Court must deny her motion for a sentence reduction for several reasons.

**A.     Defendant has waived her right to challenge her sentence based on the amended commentary to § 3B1.2 of the United States Sentencing Guidelines.**

The Plea Agreement entered into by Defendant and the Government on March 26, 2015, contains the following language:

> [T]he defendant knowingly and voluntarily waives the right to appeal any and all issues relating to this plea agreement and conviction and to the sentence, including

> any fine or restitution, within the maximum provided in the statutes of conviction, and the manner in which the sentence, including any fine or restitution, was determined, on any ground whatever, in exchange for the concessions made by the United States in this plea agreement, unless otherwise stated in this paragraph. The waiver in this paragraph does not apply to a claim of involuntariness or ineffective assistance of counsel.

Plea Agreement, ¶ 30. Defendant's sentence of 120 months' imprisonment was within the statutory maximum for the offense, life in prison. See 21 U.S.C. § 841(b)(1)(A); 21 U.S.C. § 846. Defendant makes no claim in her motion that her decision to sign the Plea Agreement was involuntary or that she received ineffective assistance of counsel.

Therefore, the waiver contained in the Plea Agreement precludes Defendant from seeking a reduction of her sentence based on the amended commentary to § 3B1.2 of the sentencing guidelines. The fact that Defendant was sentenced prior to the United States Sentencing Commission's adoption of the amended commentary to § 3B1.2 is of no significance. See United States v. Lockwood, 416 F.3d 604, 608 (7th Cir. 2005) (holding that the parties' failure to anticipate the Supreme Court's holding in United States v. Booker and its effect on the sentencing guidelines did not

invalidate a broadly-worded plea agreement waiver absent a provision in the plea agreement to the contrary). And although plea agreement waivers are not absolute, see United States v. Adkins, 743 F.3d 176, 192 (7th Cir. 2014) (noting that plea agreement waivers are subject to "at least some due process exceptions"), the fact that Defendant's offense level was not reduced based on her limited role in any criminal activity does not implicate the Due Process Clause, especially given that Defendant is a career offender under the sentencing guidelines. Because the Plea Agreement entered into by Defendant in this matter contains a broad waiver of her right to challenge her sentence and the manner in which it was determined, the Court must deny Defendant's motion for a reduction of her sentence despite the amendment to the commentary of § 3B1.2 of the United States Sentencing Guidelines.

B. **Defendant's status as a career offender precludes a sentence reduction not based upon Defendant's substantial assistance.**

Even if Defendant had not waived her right to challenge her sentence, her status as a career offender precludes the sentence reduction she seeks. Defendant's request for a sentence reduction is based on the amended commentary to § 3B1.2 of the sentencing

guidelines, a section that provides for decreases in a defendant's offense level if the defendant was a "minor" or "minimal" participant in any criminal activity.  See U.S.S.G. § 3B1.2 (Mitigating Role).  The career offender guideline, however, in setting the applicable offense level for defendants, states that the offense level is to be reduced only to take into account the extent of the defendant's acceptance of responsibility.  See U.S.S.G. § 4B1.1(b) (Career Offender).  Put another way, a career offender defendant is not entitled to a reduction in her offense level pursuant to § 3B1.2 of the sentencing guidelines for being a "minor" or "minimal" participant in a criminal conspiracy.  United States v. Otero, 495 F.3d 393, 401 n.4 (7th Cir. 2007).  Because Defendant is a career offender under § 4B1.1 of the United States Sentencing Guidelines, see Young, 2016 WL 4472937 at *1, the Court must deny her motion for a reduction of her sentence.

**C.    The Court does not have the authority to reduce Defendant's sentence below the statutory minimum.**

Defendant pleaded guilty to conspiring to distribute 5 or more kilograms of a substance containing cocaine, in violation of 21 U.S.C §§ 841(a)(1), 841(b)(1)(A), and 846.  As a result, the statutory

minimum term of imprisonment to which Defendant could be sentenced was 10 years. See 21 U.S.C. § 841(b)(1)(A); 21 U.S.C. §846. The only scenarios where the Court could have sentenced Defendant to less than 10 years' imprisonment was if the Government made a motion based on Defendant's substantial assistance or if Defendant met the "safety-valve" requirements set forth at 18 U.S.C. 3553(f). See 18 U.S.C. 3553(e) (granting district courts, "[u]pon motion of the Government . . . the authority to impose a sentence below a level established by statute as a minimum sentence so as to reflect a defendant's substantial assistance in the investigation or prosecution of another person who has committed an offense"); 18 U.S.C. 3553(f) (granting district courts the authority to impose a sentence "without regard to any statutory minimum sentence" if the defendant satisfies the five "safety-valve" criteria, one of which is that the defendant has no more than one criminal history point).

Here, the Government made no motion pursuant to 18 U.S.C. § 3553(e) at sentencing based on Defendant's substantial assistance. Further, Defendant's prior criminal convictions resulted in a total of 17 criminal history points. PSR, ¶ 64. Therefore,

Defendant could not meet all five of the "safety-valve" requirements set out in 18 U.S.C. 3553(f), meaning that the Court had no authority to sentence Defendant to fewer than 120 months' imprisonment. The fact that the commentary to § 3B1.2 of the sentencing guidelines was subsequently amended does not change the fact that the Court continues to lack the authority to sentence Defendant to fewer than 120 months in prison. Because the Court sentenced Defendant in October 2015 to exactly 120 months in prison, the statutory minimum, the Court must now deny Defendant's motion for a reduction of her sentence.

### III. CONCLUSION

For the reasons stated above, Defendant's motion to reduce her sentence (d/e 99) is DENIED.

ENTER: December 15, 2016.

*/s/ Sue E. Myerscough*
SUE E. MYERSCOUGH
UNITED STATES DISTRICT JUDGE