# IN THE UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF ILLINOIS
# SPRINGFIELD DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 14-cr-30024-2 |
| ) | |
| **BELINDA YOUNG,** ) | |
| ) | |
| Defendant. ) | |

## OPINION

**SUE E. MYERSCOUGH, U.S. District Judge:**

Before the Court is Defendant Belinda Young's Amended Motion for Compassionate Release (d/e 104) requesting a reduction in her term of imprisonment pursuant to 18 U.S.C. § 3582(c)(1)(A). For the reasons set forth below, the motion is GRANTED.

## I. BACKGROUND

On March 26, 2015, Defendant pled guilty to conspiring to distribute 5 kilograms or more of mixtures or substances containing a detectable amount of cocaine and 280 grams or more of mixtures or substances containing a detectable amount of crack cocaine in violation of 21 U.S.C. §§ 841(a)(1) and 846, as charged in Count One of the Indictment. On October 9, 2015, the Court sentenced

Defendant to 120 months' imprisonment and 8 years of supervised release.  Counts Three through Eight of the Indictment were dismissed at Defendant's sentencing.

According to the Presentence Investigation Report (PSR) prepared for Defendant's sentencing, Defendant reported having suffered a heart attack in 2013.  PSR (d/e 89), ¶ 119.  Defendant is listed as standing 5 feet tall and weighing 180 pounds.  Id. ¶ 114.

Defendant is currently serving her sentence at the satellite camp adjacent to FCI Pekin and has a projected release date of October 11, 2022.  As of July 2, 2020, the Bureau of Prisons (BOP) reports that FCI Pekin currently has one confirmed case of COVID-19.  See BOP: COVID-19 Update, Federal Bureau of Prisons, https://www.bop.gov/ coronavirus/ (last accessed July 2, 2020).

On June 15, 2020, Defendant filed a pro se motion for compassionate release (d/e 102) pursuant to 18 U.S.C. § 3582(c)(1)(A).  Attached to this motion is a letter, dated May 5, 2020, from the warden of FCI Pekin denying Defendant's request to the BOP for compassionate release.

On June 29, 2020, following the appointment of the Federal Public Defender's Office to represent Defendant, an Amended

Motion for Compassionate Release was filed. Defendant requests compassionate release due to her age, her health issues, the relatively short time she has left to serve in BOP custody, and the COVID-19 pandemic. Defendant is 58 years old, suffers from blood clots in her legs and lungs that require her to take blood-thinning medications daily, and had a heart attack in 2013.

    Defendant proposes to live with her daughter if she is released from custody. The United States Probation Office, in a Memorandum (d/e 108) addressing Defendant's request for compassionate release, states that the suitability of Defendant's daughter's residence could not be ascertained, as no contact information for Defendant's daughter had been provided. The Memorandum also notes that Defendant has not committed any infractions while in BOP custody.

    On June 29, 2020, the Government filed a Response Opposing Defendant's Motion for Compassionate Release (d/e 107). The Government argues that the absence of any confirmed COVID-19 cases at FCI Pekin and the steps that the BOP has taken to keep COVID-19 out of its facilities warrant a denial of Defendant's Amended Motion for Compassionate Release. The medical

treatment Defendant is receiving at FCI Pekin and the amounts of controlled substances involved in her offense are given as additional reasons to deny Defendant's amended motion.

On July 2, 2020, Defendant filed a Supplement to Amended Motion for Compassionate Release (d/e 111). In the supplement, Defendant notes that, unlike when Defendant's amended motion was filed, there is now one confirmed case of COVID-19 at FCI Pekin.

## II. ANALYSIS

Generally, the Court is statutorily prohibited from modifying a term of imprisonment once it has been imposed. See 18 U.S.C. § 3582(c). However, several statutory exceptions exist, one of which allows the Court to grant a defendant compassionate release if certain requirements are met. See 18 U.S.C. § 3582(c)(1)(A).

Section 603(b)(1) of the First Step Act amended the statutory language at 18 U.S.C. § 3582(c)(1)(A). See First Step Act of 2018, Pub. L. No. 115-391, 132 Stat 5194. Prior to the First Step Act, the Court could grant a defendant compassionate release only if the Director of the BOP filed a motion seeking that relief. With the enactment of the First Step Act, 18 U.S.C. § 3582(c)(1)(A) now

allows an inmate to file a motion for compassionate release, but only after exhausting administrative review of a BOP denial of the inmate's request for BOP to file a motion or waiting 30 days from when the inmate's request was received by the BOP, whichever is earlier. The statute now provides as follows:

> The court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
> (i) extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(1)(A).

Here, Defendant's request to the warden of FCI Pekin that the BOP to file a compassionate release motion on her behalf was denied on May 5, 2020. Accordingly, the exhaustion requirement set forth in 18 U.S.C. § 3582(c)(1)(A) has been satisfied.

As Defendant's motion is properly before the Court, the Court must determine whether Defendant is eligible for compassionate release. For Defendant to be eligible for compassionate release, the Court, after considering the factors set forth at 18 U.S.C. § 3553(a), must determine that "extraordinary and compelling reasons" warrant a reduction in Defendant's term of imprisonment and that the reduction is "consistent with applicable policy statements issues by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A).

**A.    Extraordinary and Compelling Reasons for Release**

Having considered the relevant factors set forth in 18 U.S.C. § 3553(a), the Court concludes that Defendant has established that extraordinary and compelling reasons warrant a reduction in her term of imprisonment. The spread of COVID-19 presents extraordinary and unprecedented challenges for the country and creates a serious issue for prisons. Due to the infectious nature of the virus, the Centers for Disease Control and Prevention (CDC) and state governments have advised individuals to practice good hygiene and social distancing and isolation. Socially distancing can be difficult for individuals living in a prison.

In addition, based on the height and weight listed in the PSR

for Defendant, her body mass index (BMI) is 35.2.  The CDC's current position is that individuals with a BMI of 30 or higher are at increased risk of severe illness from COVID-19.  See People Who Are at Higher Risk for Severe Illness - Coronavirus, Centers for Disease Control and Prevention, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/groups-at-higher-risk.html (last accessed July 2, 2020).  According to the CDC, Defendant's 2013 heart attack and the fact that she suffers from blood clots in her lungs may increase the risk that COVID-19 poses to her.  See id.  As there is now a confirmed case of COVID-19 at FCI Pekin, Defendant's presence at the satellite camp adjacent to FCI Pekin puts her at increased risk of contracting COVID-19.

In addition, Defendant has served nearly six years of her sentence with no infractions and is scheduled to be released in less than two-and-a-half years.  Defendant's offense of conviction is a nonviolent drug crime, and Defendant has a daughter who is apparently willing to allow Defendant to live with her if Defendant is released.

**B.    Sentencing Commission Policy Statements**

A reduction of Defendant's term of imprisonment is consistent

with the Sentencing Commission's policy statements. The relevant policy statement, § 1B1.13 of the Sentencing Guidelines, explains that a sentence reduction under § 3582(c)(1)(A) may be ordered where a court determines, "after considering the factors set forth in 18 U.S.C. § 3553(a)," that "(1)(A) extraordinary and compelling reasons warrant the reduction; . . . (2) the defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g); and (3) the reduction is consistent with this policy statement." U.S.S.G. § 1B1.13.

The commentary to § 1B1.13 provides certain circumstances constituting "extraordinary and compelling reasons" that warrant a sentence reduction.[1] U.S.S.G. § 1B1.13 cmt. n.1. One of the circumstances is where a defendant is "suffering from a serious physical or medical condition . . . that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." U.S.S.G. § 1B1.13 cmt. n.1(A). Another circumstance is

---

[1] Section 1B1.13 of the Sentencing Guidelines has not been amended to reflect the First Step Act's amendment to 18 U.S.C. § 3582(c)(1)(A). As it stands, § 1B1.13 refers to a reduction "upon the motion of the Director of the Bureau of Prisons." No policy statement provides guidance for when a defendant files a motion. Nevertheless, the Court considers § 1B1.13.

where "an extraordinary and compelling reason other than, or in combination with," the listed circumstances is present.  U.S.S.G. § 1B1.13 cmt. n.1(D).  Defendant's health issues and the COVID-19 pandemic create an extraordinary and compelling reason that warrants a reduction of Defendant's term of imprisonment.

The Court also considers whether Defendant is a danger to the safety of any other person or to the community.  See U.S.S.G. § 1B1.13.  If Defendant quarantines herself at her daughter's residence away from her daughter, the quarantine will diminish the risk of spreading the virus.  Otherwise, the Court does not find that Defendant, who is serving a sentence for a nonviolent drug offense, poses a danger to the community.

Defendant has established that extraordinary and compelling reasons warrant a reduction in her term of imprisonment pursuant to 18 U.S.C. § 3582(c)(1)(A).  Such a reduction is consistent with the applicable policy statements issued by the Sentencing Commission.  Accordingly, Defendant has satisfied the requirements to be eligible for compassionate release, and the Court finds that compassionate release is appropriate in this case.

### III. CONCLUSION

For the reasons set forth above, Defendant Belinda Young's Amended Motion for Compassionate Release (d/e 104) is GRANTED. The Court hereby reduces Defendant's term of imprisonment from 120 months to time served.  The Court modifies Defendant's conditions of supervised release to require Defendant to spend 14 days on home confinement, with the home confinement starting as soon as possible after her term of supervised release begins.  While on home confinement, Defendant shall be monitored by telephone. All other aspects of Defendant's sentence shall remain the same. Defendant's pro se motion for compassionate release (d/e 102) is DENIED as MOOT.

The Bureau of Prisons is ORDERED to release Defendant within 24 hours.  The Clerk is DIRECTED to send a copy of this Opinion to FCI Pekin.  Defendant must self-quarantine for a period of 14 days beginning at the time of her release, including while she travels from FCI Pekin to her daughter's residence.  Defendant shall travel to Springfield, Illinois, in a vehicle that allows her to follow the CDC's social distancing guidelines, which include staying at least six feet from others and wearing a face mask and gloves.

ENTER:  July 2, 2020

/s/ Sue E. Myerscough
SUE E. MYERSCOUGH
UNITED STATES DISTRICT JUDGE